## STATE OF OREGON,
*Appellant,*

*v.*

## PATRICK O'DRISCOLL and MARSHA G. O'DRISCOLL,
*Respondents.*

(81-2918-C-3; 81-2913-C-1; CA A27926)

671 P2d 752

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Carl Caplan, Medford, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In these consolidated manufacture of controlled substances cases, the state appeals an order made prior to trial suppressing evidence seized pursuant to a warrant. We reverse.

The operative facts are simple. On August 18, 1981, Detective Kennedy of the Jackson County Sheriff's office executed a warrant for the search of defendants' premises. The warrant was not endorsed for nighttime service; it was executed at 6:45 a.m., 15 minutes before the statutory end of night. Kennedy had arrived in the area at about 5:00 a.m. and had parked his car near the driveway to the house. It was beginning to turn light at that time. Approximately one and three-quarter hours later, when the warrant was executed, the sky was fully light and it was daytime, in fact, if not in law.

By statute, authorization for nighttime service of a search warrant must be endorsed on the warrant. ORS 133.565(3).[1] The question presented by this case is whether a technical violation of ORS 133.565(3) requires suppression of evidence seized pursuant to a valid search warrant. We believe the question is answered in the negative by *State v. Brock,* 294 Or 15, 653 P2d 543 (1982). While the facts of *Brock* and this case differ slightly—in *Brock,* the warrant had the necessary endorsement, but there had been no showing made to the issuing magistrate justifying such an endorsement; here, the endorsement itself was absent—we can perceive no distinction in principle between the two.

---

[1] ORS 133.565(3) provides:

"(3) Except as otherwise provided herein, the search warrant shall be executed between the hours of 7 a.m. and 10 p.m. and within five days from the date of issuance. The judge issuing the warrant may, however, by indorsement upon the face of the warrant, authorize its execution at any time of the day or night and may further authorize its execution after five days, but not more than 10 days from date of issuance."

Execution of a warrant is governed by ORS 133.575, which provides in pertinent part:

"(1) A search warrant may be executed only within the period and at the times authorized by the warrant and only by a police officer. A police officer charged with its execution may be accompanied by such other persons as may be reasonably necessary for the successful execution of the warrant with all practicable safety.

"* * * * *"

The court in *Brock* made it clear that the purpose of the statute is to avoid the potential terror and violence associated with violent intrusions into private homes during darkness. 294 Or at 19, 20. The court nonetheless concluded that violation of the statute did not require suppression of evidence:

> "We conclude from the absence of a statutory directive and from the character of ORS 133.565(3) as a statutory protection against potential violence and needless apprehension from nighttime intrusions that non-compliance with the statute does not give rise to any implications that the state's use of the evidence would vitiate the interest that the statute is intended to protect. The evidence therefore is admissible. Of course, this evidentiary holding does not relieve judges of their substantive obligation under ORS 133.565(3) to refrain from endorsing search warrants for nighttime execution absent allegations of special circumstances consistent with statutory policy." 294 Or at 22.

Defendant argues, in essence, that we should distinguish in warrant execution cases between those in which officers have a valid warrant and apparent authority but no actual authority to enter at night *(Brock)* and those in which officers have a valid warrant but no apparent authority to enter at night (this case). But, as *Brock* makes clear, no apparent authority is the same as no authority for the purposes of the statute, and that still does not require suppression. *See* 294 Or at 21. We decline to adopt the distinction defendant urges. The order of the trial court suppressing evidence was in error.

Reversed and remanded for trial.[2]

---

[2] We are not called upon to assess the validity of the state's alternative theories, *i.e.*, that the execution at 6:45 a.m. constituted only a *de minimus* violation, so that suppression is not warranted, or that the purpose of the statute was accomplished without an endorsement because the execution of the warrant occurred in broad daylight, so that suppression is not warranted. Either theory may be correct but, as we understand *Brock*, neither needs be considered.